## ROACH *et al. v.* GRAY *et al.*

IN suit for mining claims, the Court permitted defendants to introduce in evidence the mining rules of the district, though adopted after the rights of plaintiffs had attached: *Held,* that admitting plaintiffs' rights could not be affected by such rules, still, as defendants claimed under them, they were competent evidence to determine the nature and extent of defendants' claim—the effect of such rules upon pre-existing rights being sufficiently guarded by instructions of the Court.

APPEAL from the Fourteenth District.

Suit for possession of certain mining claims; plaintiffs claiming under parties who located the claims in 1854. Defendants claim under a location made by them in 1858; they contending that plaintiffs had forfeited their rights, by non-compliance with the mining rules of the district, adopted in December, 1856, to take effect February 1st, 1857—the previous rules of 1855 being abolished. These rules were read in evidence by defendants; plaintiffs objecting.

The testimony of plaintiffs went mainly to show that they were prior locators, and had not abandoned the claims in dispute; that any interruption in working the claims was caused by want of water. The testimony of defendants tended to show that, when they located in 1858, no one was in possession or working the claims; and that defendants' failure to get water was because they would not pay for it. It was shown that defendants had, and plaintiffs had not recorded their claims in the miners' record; and that, by the mining rules, failure to record forfeited the claims.

Plaintiffs asked various instructions, some of which are the ordinary instructions in ejectment, as to recovering on the strength of title, prior possession, etc. But others were, in effect, that the law neither presumes nor favors forfeiture or abandonment, but holds parties, pretending to have acquired rights in consequence of such forfeiture or abandonment, to strict proof; that, if plaintiffs were prevented from working the claims from want of water, and this want was caused by their inability to pay for the water, then such failure to work would not, of itself, operate a forfeiture, under the mining rules; that the Court passes on the question of forfeiture under the mining rules, and that the jury have nothing to do with it.

For defendants, the Court gave, among others, instructions to the

effect, that a party can maintain his rights to mining ground by occupancy, actual or constructive; and that constructive possession can be shown only by proving compliance with the mining customs and regulations in force at the locality; that if a party claiming mining ground fails to work it within a reasonable time, the claim becomes subject to the intervening rights of others who locate and proceed to work; that where a party attempts to justify his failure to occupy and work a claim, by showing that the claim was not workable, he must prove that he was prevented working the claim by some accident, or some event not of his making, or which he might have controlled.

The jury found for defendants.  Plaintiffs appeal.

*J. J. Caldwell,* for Appellants.

*T. P. Hawley,* for Respondents.

COPE, J. delivered the opinion of the Court—FIELD, C. J. concurring.

This is an action to recover possession of certain mining claims.  The trial seems to have been fairly conducted, and the evidence was sufficient to justify the verdict.   The plaintiffs asked a number of instructions, which were given by the Court; and the effect of these instructions was not impaired by those afterwards given at the instance of the defendants.  We do not see that the plaintiffs were prejudiced by the introduction of the mining rules of the district; nor do we see any valid objection to the admissibility of these rules.   It is claimed that they were adopted after the rights of the plaintiffs had attached, and that such rights could not, therefore, be taken away or affected by them.  Admitting this to be true, their incompetency as evidence does not follow.  The defendants claimed under them, and for the purpose of determining the nature and extent of this claim, they were not only competent but proper and necessary evidence.   Their effect upon preëxisting rights was sufficiently guarded by the instructions of the Court.

We see no reason for disturbing the judgment, and it is, therefore, affirmed.